**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANGELA LOVERDI AND CHARLES LOVERDI, | : | CIVIL ACTION NO. _____ |
| | : | |
| Plaintiffs, | : | Removed Case No.: 180404059 |
| | : | (COURT OF COMMON PLEAS |
| vs. | : | PHILADELPHIA COUNTY, PA |
| | : | CIVIL ACTION) |
| MEDIFAST, INC.; TAKE SHAPE | : | |
| FOR LIFE, INC; JASON | : | |
| PHARMACEUTICALS, INC.; AND | : | |
| OPTAVIA LLC, | : | |
| | : | |
| Defendants. | : | |

## NOTICE OF REMOVAL

To:    United States District Court for the Eastern District of Pennsylvania:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and any other applicable laws, Defendant

Medifast, Inc. hereby removes the action entitled *Angela Loverdi and Charles Loverdi v. Medifast,*

*Inc., Take Shape For Life, Inc., Jason Pharmaceuticals, Inc. and OPTAVIA LLC*, Case No.

180404059, from the Court of Common Pleas for Philadelphia County, Pennsylvania. Pursuant to

28 U.S.C. § 1446(a), a true and legible copy of all pleadings, process and orders served to date in

the Philadelphia County action, is attached hereto as Exhibit A.

As grounds for removal, Medifast, Inc. hereby states the following:

## I.    INTRODUCTION

1.     This case arises from injuries Plaintiff Angela Loverdi alleges she suffered as a

result of "consuming defendants' products and . . . dietary program." Compl. ¶ 13.

2.      On or about April 27, 2018, Plaintiffs filed a Complaint in the Court of Common Pleas, Philadelphia County, Pennsylvania.

3.      Plaintiffs brings negligence, product liability, misrepresentation and warranty claims against Defendants.

## II.     REMOVAL TO THIS JUDICIAL DISTRICT IS PROPER AND TIMELY

4.      As stated above, Plaintiffs filed a Complaint in the Court of Common Pleas, Philadelphia County, Pennsylvania on or about April 27, 2018.

5.      Plaintiffs served the Defendants via mail on May 9, 2018.

6.      Defendant Medifast, Inc. is the parent holding company of subsidiary companies, including Defendant Jason Pharmaceuticals, Inc.  Defendant Jason Pharmaceuticals, Inc, is the parent company of subsidiary companies, including Defendant OPTAVIA LLC.

7.      Defendant Take Shape For Life, Inc. is no longer a company.  In 2016, Take Shape For Life, Inc. changed its name to Take Shape For Life, LLC.   In 2017, Take Shape For Life LLC changed its name to OPTAVIA LLC.

8.      This Notice of Removal is filed on behalf of Defendant Medifast, Inc., and is being effected within thirty days of receipt of the Complaint.

9.      Each Defendant consents to this Notice of Removal, as required under 28 U.S.C. § 1441 (b)(2)(A).

10.     No proceedings have yet occurred in the Philadelphia County action, as reflected in the Philadelphia County docket.  The complete record in the Philadelphia County action is included in Exhibit A.

11.     Removal to this District is proper because the Court of Common Pleas, Philadelphia County resides within the District Court for the Eastern District of Pennsylvania. *See* 28 U.S.C. § 118.

12.     Medifast, Inc. bases removal on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## III.   STATUTORY BASIS FOR JURISDICTION

13.     Removal of this action is proper under 28 U.S.C. § 1441.  The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as it is a civil action between citizens of different states in which the amount-in-controversy exceeds the sum of $75,000, exclusive of interests and costs.

### A.     Complete Diversity Exists Between the Parties

14.     Plaintiffs Angela Loverdi and Charles Loverdi are citizens of Pennsylvania. Compl. at ¶ 1-2.

15.     Under 28 U.S.C. § 1441(b), removal on the basis of diversity jurisdiction is permitted where no "properly joined and served" defendant is a citizen of the state in which the action was brought.

16.     Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

17.     Defendant Medifast, Inc. is, and at the time of the filing of this action was, a Delaware corporation with its principal place of business in Maryland.  Medifast, Inc., therefore, is not a citizen of Pennsylvania.

18.     Defendant Jason Pharmaceuticals, Inc. is, and at the time of the filing of this action was, a Maryland corporation with its principal place of business in Maryland.   Jason Pharmaceuticals, Inc., therefore, is not a citizen of Pennsylvania.

19.     Defendant OPTAVIA LLC is, and at the time of the filing of this action was, a Delaware Company with its principal place of business in Maryland.  OPTAVIA LLC, therefore, is not a citizen of Pennsylvania.

20.     Defendant Take Shape For Life, Inc. is no longer an operating company.  In 2016, Take Shape For Life, Inc. changed its name to Take Shape For Life, LLC.  And in 2017, Take Shape For Life, LLC changed its name to OPTAVIA LLC.

21.     None of the Defendants are citizens of Pennsylvania. No other Defendants have been properly joined and served.

22.     Because Plaintiffs and all properly joined and served Defendants are citizens of different states, there is complete diversity of citizenship for jurisdiction purposes.

**B.      Amount in Controversy**

23.     Plaintiffs' Complaint seeks damages "in an amount in excess of Fifty Thousand ("$50,000.00") Dollars" for each of the five counts of the Complaint. *See* Compl. at ¶ 26; 31; 37; 47; 60; 62. Plaintiffs also seek punitive damages pursuant to their count for "misrepresentation." *Id.* at ¶ 60.

24.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

25.     Here, Plaintiffs did not expressly limit their damages to an amount less than the jurisdictional threshold, but rather seek damages "in excess of $50,000" for Ms. Loverdi's alleged

personal injuries, including "significant thyroid injuries," and also Mr. Loverdi's alleged loss of consortium. Compl. at ¶ 13-14; ¶ 61-62. Therefore, Plaintiffs' claims for damages exceeds the requisite amount in controversy for the purpose of diversity jurisdiction under 28 U.S.C. § 1332(a). *See Dibattista v. Dixon*, 2009 WL 2245060, at *1 (E.D. Pa. July 27, 2009) (denying motion to remand because complaint involving car accident sought damages "in excess of $50,000" for each plaintiff and "the plaintiffs, as 'masters of the case,' could have sought to limit the claims in their complaint to an amount below the jurisdictional threshold for diversity jurisdiction, [but] they did not do so"); *Lites v. Trumbull Ins. Co.*, 2013 WL 12155807, at *1 (E.D. Pa. Jan. 16, 2013) (denying motion to remand because "plaintiffs did not limit the amount in controversy in their complaint to less than the jurisdictional amount"); *Susman v. Goodyear Tire & Rubber Comp.*, 2018 WL 1243733, at *9 (E.D. Pa. Mar. 9, 2018) (holding that although plaintiffs sought damages "in excess of $50,000," "given the severity of the injuries alleged, a reasonable reading of the value of claims proves that Plaintiffs can recover damages in excess of $75,000").

## IV.   NOTICE IS BEING SENT TO PLAINTIFFS AND FILED IN STATE COURT

26.   Pursuant to 28 U.S.C. § 1446(d), Medifast, Inc. shall give Plaintiffs written notice of the filing of this Notice of Removal.

27.   Pursuant to 28 U.S.C. § 1446(d), Medifast, Inc. shall file the written notice of the filing of this Notice of Removal with the Prothonotary of the Court of Common Pleas, Philadelphia County, Pennsylvania, attaching as Exhibit A thereto a copy of this Notice of Removal and the documents attached to this Notice of Removal.

WHEREFORE, Defendant Medifast, Inc. hereby gives notice that the above-entitled state court action, formerly pending in the Court of Common Pleas, Philadelphia County, Pennsylvania, be removed to the United States District Court for the Eastern District of Pennsylvania.

5

Respectfully submitted,

Dated: May 25, 2018

**GOODELL, DEVRIES, LEECH & DANN, LLP**
Robert A. Limbacher (PA Id. No. 35796)
Adam S. Tolin (PA Id. No 91424)
2001 Market Street, Suite 3700
Philadelphia, PA 19103
Phone: (267) 765-3600
Fax: (267) 765-3636
atolin@gdldlaw.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true and correct copy of the foregoing to be served via fax

and U.S. Mail on May 25, 2018 on the following:                  .


        Thomas F. Sacchetta, Esq.
        SACHETTA & BALDINO
        308 East Second Street
        Media, PA 19063
        Fax:  610-891-7190


        **GOODELL, DEVRIES, LEECH & DANN, LLP**
        Robert A. Limbacher (PA Id. No. 35796)
        Adam S. Tolin (PA Id. No 91424)
        2001 Market Street, Suite 3700
        Philadelphia, PA 19103
        Phone: (267) 765-3600
        Fax: (267) 765-3636
        atolin@gdldlaw.com

        *Attorneys for Defendants*

# EXHIBIT A



No Items in Cart   **LOGIN**
Civil Docket Report
A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 180404059 |
| **Case Caption:** | LOVERDI ETAL VS MEDIFAST INC ETAL |
| **Filing Date:** | Friday , April 27th, 2018 |
| **Court:** | MAJOR JURY-STANDARD |
| **Location:** | City Hall |
| **Jury:** | JURY |
| **Case Type:** | PERSONAL INJURY - OTHER |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|---|
| 1 | | | | ATTORNEY FOR PLAINTIFF | SACCHETTA, THOMAS F |
| **Address:** | 308 EAST SECOND STREET MEDIA PA 19063 (610)891-9212 | | **Aliases:** | *none* | |
| | | | | | |
| 2 | | 1 | | PLAINTIFF | LOVERDI, ANGELA |
| **Address:** | 5303 CHICHESTER AVE UPPER CHICHESTER PA 19104 | | **Aliases:** | *none* | |
| | | | | | |
| 3 | | 1 | | PLAINTIFF | LOVERDI (W/H), CHARLES |
| **Address:** | 5303 CHICHESTER AVE UPPER CHICHESTER PA 19104 | | **Aliases:** | *none* | |
| | | | | | |
| 4 | | | | DEFENDANT | MEDIFAST INC |
| **Address:** | 11445 CRONHILL DR OWINGS MILLS MD 21117 | | **Aliases:** | *none* | |
| | | | | | |
| 5 | | | | DEFENDANT | TAKE SHAPE FOR LIFE INC |
| **Address:** | 11445 CRONHILL DR OWINGS MILLS MD 21117 | | **Aliases:** | *none* | |
| | | | | | |
| 6 | | | | DEFENDANT | JASON PHARMACEUTICALS INC |
| **Address:** | 11445 CRONHILL DR OWINGS MILLS MD 21117 | | **Aliases:** | *none* | |
| | | | | | |
| 7 | | | | DEFENDANT | OPTAVIA LLC |
| **Address:** | 11445 CRONHILL DR OWINGS MILLS MD 21117 | | **Aliases:** | *none* | |
| | | | | | |
| 8 | | | | TEAM LEADER | NEW, ARNOLD L |

| Address: | 606 CITY HALL<br>PHILADELPHIA PA 19107<br>(215)686-7260 | Aliases: | *none* |
| --- | --- | --- | --- |

**Docket Entries**

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
| --- | --- | --- | --- | --- |
| 27-APR-2018 04:20 PM | ACTIVE CASE | | | 27-APR-2018 04:25 PM |
| **Docket Entry:** | E-Filing Number: 1804067727 | | | |
| | | | | |
| 27-APR-2018 04:20 PM | COMMENCEMENT CIVIL ACTION JURY | SACCHETTA, THOMAS F | | 27-APR-2018 04:25 PM |
| **Documents:** | Click link(s) to preview/purchase the documents<br>Final Cover | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 27-APR-2018 04:20 PM | COMPLAINT FILED NOTICE GIVEN | SACCHETTA, THOMAS F | | 27-APR-2018 04:25 PM |
| **Documents:** | Click link(s) to preview/purchase the documents<br>Loverdi Complaint.pdf | | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |
| | | | | |
| 27-APR-2018 04:20 PM | JURY TRIAL PERFECTED | SACCHETTA, THOMAS F | | 27-APR-2018 04:25 PM |
| **Docket Entry:** | 12 JURORS REQUESTED. | | | |
| | | | | |
| 27-APR-2018 04:20 PM | WAITING TO LIST CASE MGMT CONF | SACCHETTA, THOMAS F | | 27-APR-2018 04:25 PM |
| **Docket Entry:** | *none.* | | | |

▶ Case Description    ▶ Related Cases    ▶ Event Schedule    ▶ Case Parties    ▶ Docket Entries

Search Home    Return to Results

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
| --- |

**APRIL 2018**

E-Filing Number: 1804067727

**004059**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| ANGELA LOVERDI | MEDIFAST INC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| 5303 CHICHESTER AVENUE<br>UPPER CHICHESTER PA 19104 | 11445 CRONHILL DRIVE<br>OWINGS MILLS MD 21117 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| CHARLES LOVERDI (W/H) | TAKE SHAPE FOR LIFE, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| 5303 CHICHESTER AVENUE<br>UPPER CHICHESTER PA 19104 | 11445 CRONHILL DRIVE<br>OWINGS MILLS MD 21117 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
|  | JASON PHARMACEUTICALS, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
|  | 11445 CRONHILL DRIVE<br>OWINGS MILLS MD 21117 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
| --- | --- | --- |
| 2 | 4 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
| --- | --- | --- | --- | --- |
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

| CASE TYPE AND CODE |
| --- |
| 2O - PERSONAL INJURY - OTHER |

| STATUTORY BASIS FOR CAUSE OF ACTION |
| --- |
|  |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO<br>COORDINATION ORDER?  YES   NO |
| --- | --- | --- |
| | **FILED<br>PRO PROTHY**<br><br>APR 27 2018<br><br>**K. EDWARDS** | |

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>ANGELA LOVERDI , CHARLES LOVERDI</u>
<u>(W/H)</u>
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
| --- | --- |
| THOMAS F. SACCHETTA | 308 EAST SECOND STREET<br>MEDIA PA 19063 |

| PHONE NUMBER | FAX NUMBER | |
| --- | --- | --- |
| (610)891-9212 | (610)891-7190 | |

| SUPREME COURT IDENTIFICATION NO. | |
| --- | --- |
| 46834 | E-MAIL ADDRESS<br>tom@sbattorney.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
| --- | --- |
| THOMAS SACCHETTA | Friday, April 27, 2018, 04:20 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. MEDIFAST INC
   11445 CRONHILL DRIVE
   OWINGS MILLS MD 21117
2. TAKE SHAPE FOR LIFE, INC.
   11445 CRONHILL DRIVE
   OWINGS MILLS MD 21117
3. JASON PHARMACEUTICALS, INC.
   11445 CRONHILL DRIVE
   OWINGS MILLS MD 21117
4. OPTAVIA LLC
   11445 CRONHILL DRIVE
   OWINGS MILLS MD 21117

THOMAS F. SACCHETTA, ESQUIRE
Attorney I.D. 46834
SACCHETTA & BALDINO
308 East Second Street
Media, PA 19063
(610) 891-9212

*This is not an arbitration matter. Jury trial is demanded. An assessment of damages hearing is required.*

Filed and Attested by the
Office of Judicial Records
27 APR 2018 04:20 pm
R. EDWARDS

Attorney for plaintiff

| | |
|---|---|
| ANGELA LOVERDI and CHARLES LOVERDI<br>5303 Chichester Avenue<br>Upper Chichester, PA 19104<br><br>      Plaintiffs<br><br>  v.<br><br>MEDIFAST, INC.<br>11445 Cronhill Drive<br>Owings Mills, Maryland 21117<br>  and<br>TAKE SHAPE FOR LIFE, INC.<br>11445 Cronhill Drive<br>Owings Mills, Maryland 21117<br>  and<br>JASON PHARMACEUTICALS, INC.<br>11445 Cronhill Drive<br>Owings Mills, Maryland 21117<br>  and<br>OPTAVIA LLC<br>11445 Cronhill Drive<br>Owings Mills, Maryland 21117<br>      Defendants | COURT OF COMMON PLEAS<br><br>PHILADELPHIA COUNTY<br><br>APRIL TERM 2018<br><br><br>NO.: |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas on las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una compareencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su

the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**
Philadelphia County Bar Association
Lawyers Referral and Information Service
1 Reading Center
Philadelphia, PA 19107
[215] 238-1701

persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**
Asociacion De Licenciados De Filadelfia
Servicio De Referencia E Informacion Lega
One Reading Center
Filadelfia,Pennsylvania 19107
Telef.: [215] 238-1701

THOMAS F. SACCHETTA, ESQUIRE
Attorney I.D. 46834
SACCHETTA & BALDINO
308 East Second Street
Media, PA 19063
(610) 891-9212

*This is not an arbitration matter. Jury trial is demanded. An assessment of damages hearing is required.*

Attorney for plaintiff

| | | |
|---|---|---|
| ANGELA LOVERDI and CHARLES LOVERDI | : | COURT OF COMMON PLEAS |
| 5303 Chichester Avenue | : | PHILADELPHIA COUNTY |
| Upper Chichester, PA 19104 | : | |
| | : | APRIL TERM 2018 |
| Plaintiffs | : | |
| | : | |
| v. | : | NO.: |
| | : | |
| MEDIFAST, INC. | : | |
| 11445 Cronhill Drive | : | |
| Owings Mills, Maryland 21117 | : | |
| and | : | |
| TAKE SHAPE FOR LIFE, INC. | : | |
| 11445 Cronhill Drive | : | |
| Owings Mills, Maryland 21117 | : | |
| and | : | |
| JASON PHARMACEUTICALS, INC. | : | |
| 11445 Cronhill Drive | : | |
| Owings Mills, Maryland 21117 | : | |
| and | : | |
| OPTAVIA LLC | : | |
| 11445 Cronhill Drive | : | |
| Owings Mills, Maryland 21117 | : | |
| Defendants | : | |

## PLAINTIFFS' COMPLAINT

AND NOW, comes the plaintiffs, Angela Loverdi and Charles Loverdi, by and through their attorney, Thomas F. Sacchetta, Esquire, and avers as follows:

1.    Plaintiff, Angela Loverdi, is an adult individual residing at 5303 Chichester Avenue, Upper Chichester, PA 19104.

2.    Plaintiff, Charles Loverdi, is an adult individual residing at 5303 Chichester

Avenue, Upper Chichester, PA 19104.

3.    Defendant, Medifast, Inc., is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Delaware.  Defendant, Medifast, Inc., regularly conducts business in Philadelphia County and the Commonwealth of Pennsylvania.

4.    Defendant, Take Shape for Life, Inc., is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Delaware.  Defendant, Take Shape for Life, Inc., regularly conducts business in Philadelphia County and the Commonwealth of Pennsylvania.

5.    Defendant, Jason Pharmaceuticals, Inc., is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Delaware.  Defendant, Jason Pharmaceuticals, Inc., regularly conducts business in Philadelphia County and the Commonwealth of Pennsylvania.

6.    Defendant, Optavia LLC, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Delaware.  Defendant, Optavia LLC, regularly conducts business in Philadelphia County and the Commonwealth of Pennsylvania.

7.    The defendants manufactured, designed, tested, sold and provided dietary programs and foods under the label "Medifast Diet" (hereinafter referred to as the "product").

8.    At all times relevant hereto, the defendants were engaged in the business of manufacturing, marketing, selling and/or distributing the products, including the product consumed by the plaintiff as instructed by defendants, as described herein.

9.    The defendants placed the product in the stream of interstate and worldwide

commerce, including in the Commonwealth of Pennsylvania.

10.     As a direct and proximate result of the defendants placing these products into the stream of commerce, plaintiff has suffered and continues to suffer injuries, including physical, mental and economic pain and suffering, and will continue to experience such injuries indefinitely.

11.     At all time relevant to this action, the defendants knew and/or had reason to know that the products were not safe for certain consumers.

12.     As a result of this defective design and manufacture of defendants' products, consumers are exposed to serious physical trauma, disease, injury and/or death.  Defendants knew or had reason to know of this tendency and the resulting risk of injury, but failed to disclose this information.

13.     After plaintiff, Angela Loverdi, began consuming defendants' products and started the dietary program, she became ill and injured, such that by June of 2016 plaintiff was experiencing significant thyroid injuries.

14.     As a proximate result of the aforementioned negligence of the defendants, plaintiff suffered personal injuries and harm, was required to pay for healthcare, attention and services, along with incidental and related expenses and will be required to pay for additional healthcare, attention and services along with incidental and related expenses to monitor her condition in the future.

15.     As a direct and proximate result of the defendants' careless, reckless and negligent conduct, plaintiff incurred substantial pain and suffering.

16.     As a direct and proximate result of the defendants' careless, reckless and negligent conduct, plaintiff sustained injury, disability, expense and economic loss.

## COUNT I - NEGLIGENCE

### Plaintiff, Angela Loverdi v. Defendants, Medifast, Inc., Take Shape for Life, Inc., Jason Pharmaceuticals, Inc., and Optavia LLC

17.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

18.     The incident and resulting injuries to plaintiff were caused by the negligence of defendant, acting by and through its agents, servants, workmen and employees.

19.     Defendants failed to exercise reasonable care in designing, testing, manufacturing, marketing, distributing, and selling the product with defects.

20.     Such negligence and carelessness consisted of the following:

(a)     failing to design and/or utilize proper and safe designs or procedures for the manufacture, assembly, and sale of the product and dietary program;

(b)     designing or utilizing defective designs and/or procedures for the manufacture, assembly and sale of the product and dietary program;

(c)     designing, manufacturing, and/or selling the product and dietary program which they knew or should have known, was in defective;

(d)     ignoring evidence and facts about the dangers of the product and dietary program when used in a reasonably foreseeable manner;

(e)     allowing the product and dietary program to be sold in a defective condition;

(f)     failing to properly test the product and dietary program after its creation/manufacture and prior to sale;

(g)     failing to investigate the dangers associated with the product and dietary program and its use;

(h)     failing to warn the user of the product and dietary program of its inherent design defects;

(i)     failing to warn about the hazards and dangers associated with product and dietary program;

(j)     failing to properly manufacture the product and dietary program;

(k)     placing its product in the stream of commerce when they knew that the results of the product and dietary program would not operate within the consumer's expectation;

(l)     placing its product in the stream of commerce when they knew as designed posed a risk that outweighed the utility of the product;

(m)     failing to inspect the product properly prior to sale;

(n)     failing to discover the product's and dietary program's defective condition and/or design; and

(o)     failing to meet consumer expectations.

21.     The injuries and damage to plaintiff, Angela Loverdi, were caused by the negligence of the agents, employees and/or servants of defendants.

22.     Solely as a result of the negligence and recklessness of the defendants, plaintiff was caused to suffer various physical injuries, including, but not limited to, neurological injuries and development of thyroid disease, conditions and issues.

23.     The defendants had knowledge of said defects yet the defendants failed to promptly recall the product and alert users promptly of the substantial problems and issues with

the use of the product.

24.     The defendants knew or should have known that consumers such as the plaintiff would use and foreseeably suffer injury and face an enhanced risk of pain, suffering, injury, pain or death, as a result of the defendants' failure to exercise ordinary care as described herein.

25.     As a direct result of the aforesaid incident, plaintiff suffered severe shock to her nervous system, great physical pain and mental anguish, all of which may continue for an indefinite period of time in the future.  Plaintiff has been compelled to expend various sums of money for medication and medical attention in attempting to remedy the aforementioned injuries.

26.     As a direct result of the aforesaid incident, plaintiff has been prevented from attending to her usual duties and obligations, and believes that she may be prevented from doing so in the near future, as her injuries may be permanent in nature.

WHEREFORE, plaintiff, Angela Loverdi, demands judgment against defendants, joint and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and in an amount in excess of the amount requiring compulsory arbitration.


## COUNT II

### Plaintiff, Angela Loverdi v. Defendants, Medifast, Inc., Take Shape for Life, Inc., Jason Pharmaceuticals, Inc., and Optavia LLC

### PRODUCTS LIABILITY UNDER RESTATEMENT OF TORTS (SECOND), §402(A) AND PENNSYLVANIA INTERPRETIVE COMMON LAW

27.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

28.     The injuries and damages suffered by plaintiff were directly and proximately caused by the defective condition of the product and dietary program, either by virtue of its

Case ID: 180404059

defective design, defective manufacture, or defendants' failure to adequately warn of the dangers of the product, for which defendants are strictly liable to plaintiff.

29.     The defective product and dietary program involved in the accident described above were defective for their foreseeable use and purpose.

30.     The injuries and damages suffered by plaintiff were directly and proximately caused by the defective design, manufacture or failure to warn or adequately warn of the dangers associated with the defective product involved in the accident.

31.     The injuries and damages suffered by plaintiff were directly and proximately caused by the failure of defendants placing its product in the stream of commerce when they knew as designed posed a risk that outweighed the utility of the product, and placing its product in the stream of commerce when they knew it would not operate within the consumer's expectation.

WHEREFORE, plaintiff, Angela Loverdi, demands judgment against defendants, joint and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and in an amount in excess of the amount requiring compulsory arbitration.

### COUNT III

**Plaintiff, Angela Loverdi v. Defendants, Medifast, Inc., Take Shape for Life, Inc., Jason Pharmaceuticals, Inc., and Optavia LLC**

### BREACH OF EXPRESS WARRANTY

32.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

33.     Defendants made affirmative statements as to the value and use of its products and to its use through its authorized agents or sales representatives, in publications, package

inserts, the Internet and other communications intended for physicians, medical patients and the general public.

34.     Defendants expressly warranted that the products were of merchantable quality, fit and safe and otherwise not injurious to the plaintiff's health and well-being.

35.     Defendants' representations were a material part of the basis of the bargain and plaintiff relied upon said representations in deciding to consume the product and follow the dietary program.

36.     The products consumed by plaintiff and dietary program followed by plaintiff were unsafe and unfit for her consumption, otherwise injuries to plaintiff and did not conform to the defendants' representations.

37.     Plaintiff's injuries described above were a proximate result of defendants' breach of express warranties as described herein.

WHEREFORE, plaintiff, Angela Loverdi, demands judgment against defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, and in an amount in excess of the amount requiring compulsory arbitration.

## COUNT III

### Plaintiff, Angela Loverdi v. Defendants, Medifast, Inc., Take Shape for Life, Inc., Jason Pharmaceuticals, Inc., and Optavia LLC

### BREACH OF IMPLIED WARRANTY

38.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

40.     The defendants are in the business of selling such products as described above and ultimately sold the product and dietary program to plaintiff.

41.     At the time that they sold the defective product and dietary program at issue, defendants were in the business of manufacturing and marketing these products and dietary programs and were, with respect to this product and dietary program, a "merchant" within the meaning of Article II of the Pennsylvania Uniform Commercial Code.

42.     By placing the product into the stream of commerce, defendants impliedly warranted that it was of merchantable quality, fit and safe for its intended use and fit for the particular purpose of protecting the plaintiff.

43.     The product was not merchantable at the time of the sale for reasons aforementioned and defendants knew or by exercise of reasonable care could have discovered the dangerous character or condition of the product.

44.     Therefore, defendants breached implied warranties because said product was defective and not fit for its intended particular purpose.

45.     Plaintiff was the foreseeable user of the product.

46.     The injuries and damages sustained by plaintiff, Angela Loverdi, were caused by a breach of the implied warranty of merchantability extended to plaintiff by defendants in connection with its sale of the products and dietary program.

47.     Plaintiff's injuries described herein were a proximate result of defendants' breach of its implied warranty as described herein.

WHEREFORE, plaintiff, Angela Loverdi, demands judgment against defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars and in an amount in excess of the amount requiring compulsory arbitration.

## COUNT IV

**Plaintiff, Angela Loverdi v. Defendants, Medifast, Inc., Take Shape for Life, Inc., Jason**

**Pharmaceuticals, Inc., and Optavia LLC**

## MISREPRESENTATION

48.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

49.     Defendants misrepresented the safety of its product and fraudulently, intentionally, recklessly or negligently concealed material adverse information regarding the safety of the product when it had a duty to disclose such information to the FDA and to the consuming public, including plaintiff.

50.     Defendants made false, misleading, or negligent statements and omissions about the safety of the product in its labeling, promotional materials, and other marketing efforts.

51.     Defendants further made misrepresentations by minimizing the risks associated with continuing to use these products and the need to stop further consumption.

52.     Defendants made these misrepresentations and actively concealed adverse information at a time when it knew, or should have known because it was in a superior position to know, that the products had defects, dangers, and characteristics that were other than what was represented to the FDA, her physicians and the public, including the plaintiff.

53.     Alternatively, defendants made the statements with reckless and/or careless disregard for the truth or falsity.

54.     The facts misrepresented or not disclosed were material.

55.     Defendants knew or should have known that plaintiff and persons similarly situated were likely to rely on the facts misrepresented or not disclosed.

56.     Defendants made these misrepresentations and actively concealed this information with the intention/calculation that plaintiff, her physicians and the consuming public would rely on the misrepresentations or omissions in selecting the product for purchase and consumption.

57.     Plaintiff and her physicians reasonably and justifiably relied on and were induced by defendants' misrepresentations and/or active concealment in selecting and consuming the product.

58.     Plaintiff sustained actual damage, injuries and losses as a direct and proximate result of defendants' misrepresentations or active concealment of information.

59.     As a direct and proximate result of defendants' malicious, reckless and negligent conduct, plaintiff suffered serious and permanent injuries.

60.     The conduct of defendants was so willful, wanton, malicious, reckless and in such disregard of the consequences, as to reveal a conscious indifference to the clear risk of death or serious bodily injury and merits the imposition of punitive damages.

WHEREFORE, plaintiff, Angela Loverdi, demands judgment against defendants, jointly and severally, including punitive damages, in an amount in excess of Fifty Thousand ($50,000.00) Dollars and in an amount in excess of the amount requiring compulsory arbitration.

## COUNT V

**Plaintiff, Charles Loverdi v. Defendants, Medifast, Inc., Take Shape for Life, Inc., Jason Pharmaceuticals, Inc., and Optavia LLC**

### LOSS OF CONSORTIUM

61.     Plaintiff, Charles Loverdi, incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

62.     As a result of the aforementioned injuries sustained by his wife, Angela Loverdi, plaintiff, Charles Loverdi, has been, and may in the future be deprived of the care, companionship, consortium, and society of his wife, all of which will be to his great detriment, and claim is made therefore.

WHEREFORE, plaintiff, Charles Loverdi, demands judgment against defendants, jointly and severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars and in excess of the amount requiring compulsory arbitration.

SACCHETTA & BALDINO

By:     /S/THOMAS F. SACCHETTA, ESQUIRE
        THOMAS F. SACCHETTA, ESQUIRE
        Attorney for plaintiff

Case ID: 180404059

## VERIFICATION

The undersigned verifies that the statements made in the foregoing document are true and correct to the best of his knowledge, information and belief.  The undersigned understands that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

THOMAS F. SACCHETTA, ESQUIRE
Attorney for plaintiffs

Case ID: 180404059